# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| ROBERTS DEVELOPMENT CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | NO. 3:25-cv-00597 |
| v. | ) ) | JUDGE CAMPBELL |
| | ) | MAGISTRATE JUDGE HOLMES |
| MR. BULT'S, INC., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Mr. Bult's, Inc's ("MBI") motion to dismiss (Doc. No. 19), Plaintiff Roberts Development Corporation's ("RDC") response in opposition (Doc. No. 22), and Defendant's reply (Doc. No. 23). For the reasons stated herein, the motion to dismiss will be **GRANTED IN PART** and this case will be **STAYED** pending resolution of the state court litigation.

## I.      BACKGROUND[1]

Plaintiff owns property located at 3240 Franklin Limestone Road, Antioch, Tennessee (the "Property"). On July 17, 2012, the parties entered into a commercial lease agreement (the "Lease") pursuant to which Defendant occupies a portion of the property. (Lease, Doc. No. 1-1). The Lease has been extended several times, most recently in 2020 for an additional ten years to February 2030. (Doc. Nos. 1-2, 1-3). Defendant's business operations at the property involve hauling waste from waste transfer stations to landfills for disposal.

Plaintiff alleges Defendant has failed to comply with various state and federal environmental and regulatory requirements and that Defendant's operations have resulted in

---

[1]      Unless otherwise stated, the facts in this section are from the Complaint. (Doc. No. 1).

environmental contamination of the Property including pools of contaminated sludge and the possibility that contaminated sludge has entered the groundwater and Mill Creek, which borders the property. Plaintiff claims the environmental contamination and failure to comply with environmental regulations breaches several provisions of the Lease and has diminished the value of the property.

On May 13, 2025, Plaintiff sent Defendant a letter notifying Defendant that it was in breach of the Lease due to the presence of contaminated sludge and Defendant's failure to abide by environmental regulations. Plaintiff contends the environmental damage caused by Defendant's failure to comply with environmental regulations cannot be cured. On May 29, 2025, Plaintiff notified Defendant that it remained in default of the Lease, that Plaintiff was terminating the Lease, and directing Defendant to vacate the property immediately. (¶ 65). In the same letter, Plaintiff notified Defendant that it was activating the acceleration clause in the Lease and that the balance of the rental payments through February 2030 in the amount of $279,105.00 was due immediately. (*Id.*; Doc. No. 1-7).

On May 29, 2025, Plaintiff initiated this lawsuit bringing state law claims against Defendant for ejectment, unlawful detainer, and breach of contract. (*See* Complaint, Doc. No. 1). But this federal lawsuit is not the beginning of litigation between these parties. Six months before Plaintiff filed the federal action, it sued Defendant in state court concerning breach of many of the same provisions in the same Lease based on alleged contamination of the Property.[2] *See Roberts Development Corporation v. Mr. Bult's, Inc.*, Case No. 24C2683, Circuit Court for Davidson

---

[2]     In both cases, Plaintiff alleges Defendant's breach included breach of the Lease provisions regarding "Manner and Purpose" (Lease, Paragraph 5), "Hazardous Activities" (Lease Paragraph 6), and "Environmental" (Lease, Paragraph 25). (*Compare* Complaint, Doc. No. 1, ¶¶ 20-22, 27; *with* State Complaint, Doc. No. 19-3, ¶¶ 16-20).

2

County, Tennessee (filed in this case at Doc. No. 19-3). The state court case also brings claims for ejectment, unlawful detainer, and breach of contract. (*Id.*). The state court complaint alleges Defendant breached the Lease by storing tires and unidentified liquids on the property, the accumulation of trash and debris throughout the Property, and an offensive odor. (*Id.*).

Defendant moved for dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) arguing that Plaintiff has not pled fact sufficient to show that the matter in controversy exceeds the sum or value of $75,000, or, in the alternative, that the Court should abstain from exercising jurisdiction in light of the parallel state court litigation or dismiss the case for failure to state a claim. (Doc. No. 19).

## II.     STANDARD OF REVIEW

### A.  Rule 12(b)(1)

Whether a court has subject-matter jurisdiction is a "threshold determination" in any action. *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007). This reflects the fundamental principle that "[j]urisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)); *see also*, *Wayside Church v. Van Buren Cty*., 847 F.3d 812, 816 (6th Cir. 2017) (explaining that courts "are 'bound to consider [a] 12(b)(1) motion first, since [a] Rule 12(b)(6) challenge becomes moot if th[e] court lacks subject matter jurisdiction" (quoting *Moir v. Greater Cleveland Reg'l Transit Auth*., 895 F.2d 266, 269 (6th Cir. 1990))).

The party asserting subject-matter jurisdiction bears the burden of establishing that it exists. *Ammons v. Ally Fin., Inc.*, 305 F. Supp. 3d 818, 820 (M.D. Tenn. 2018). A motion to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction "may either attack the claim of jurisdiction on

its face or it can attack the factual basis of jurisdiction." *Golden v. Gorno Bros., Inc*., 410 F.3d 879, 881 (6th Cir. 2005). A facial attack challenges the sufficiency of the pleading and, like a motion under Rule 12(b)(6), requires the Court to take all factual allegations in the pleading as true. *Wayside Church*, 847 F.3d at 816–17 (quoting *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co*., 491 F.3d 320, 330 (6th Cir. 2007)). Here, Defendant makes a facial attack.

## B. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*.  In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Children's Servs.*, 679 F.3d 425, 429 (6th Cir. 2012).

In considering a Rule 12(b)(6) motion, the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to a defendant's motion to dismiss provided they are referred to in the Complaint and are central to the claims. *Bassett v. National Collegiate Athletic Assn*., 528 F.3d 426, 430 (6th Cir. 2008).

4

Defendant's motion to dismiss includes filings from the state court proceeding. Such documents are public records which can be considered even when matters outside the pleadings are otherwise excluded. Here, the Court has considered the documents attached to the Complaint and public records in the state court action, but has not considered other materials attached to Defendant's motion to dismiss.

### III.    ANALYSIS

#### C.  Diversity Jurisdiction

Plaintiff states the Court has subject matter jurisdiction based on the diversity of the parties and the amount in controversy. Under 28 U.S.C. § 1332, a district court possesses subject matter jurisdiction when the matter is between citizens of different states and the amount in controversy exceeds $75,000. Here, there is no dispute that the parties are citizens of different states. Defendant argues that the allegations in the Complaint do not establish that the amount in controversy exceeds $75,000.

For purposes of diversity jurisdiction, "[t]he party seeking the federal forum bears the burden of proving that the amount in controversy exceeds $75,000." *Durant v. Servicemaster Co.*, 109 F. App'x 27, 29 (6th Cir. 2004). The Court discerns the amount in controversy by "consulting the face of the complaint and accepting the plaintiff's good faith allegations." *Thornton v. Comerica Bank*, 510 F. App'x 439, 440 (6th Cir. 2013). Courts should "not dismiss a complaint for lack of subject matter jurisdiction unless it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount." *Charvat v. NMP, LLC*, 656 F.3d 440, 447 (6th Cir. 2011).

Defendant acknowledges that Plaintiff claims it is entitled to enforce the acceleration clause in the Lease, payment under which would total $264,560.00, but argues that Plaintiff's

5

claim of entitlement to this amount is a legal conclusion, not a factual allegation to be accepted as true and therefore should not be considered in determining whether the amount in controversy requirement is met. Defendant also argues that the acceleration clause is unenforceable and that the allegation of damages does not account for Plaintiff's duty to mitigate damages.

The Court finds Plaintiff has adequately alleged facts to support its contention that the amount in controversy is in excess of $75,000. Not only does Plaintiff claim to be entitled to $264,560.00 under the Lease's acceleration clause, it also claims Defendant is responsible for the costs of remediating the alleged environmental damage, and for attorneys' fees. *See Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007) (contractual attorneys' fees may be considered in determining the amount in controversy). Even taking into account Plaintiff's mitigation of damages and the uncertainty regarding the cost of remediation of the environmental damage and attorneys fees, the Court is satisfied that it is "more likely than not" that the damages and attorneys fees in this case could exceed $75,000. Accordingly, the amount-in-controversy requirement is met and MBI's motion to dismiss for lack of subject matter jurisdiction is denied.

## D. Failure to State a Claim

Defendant argues Plaintiff fails to state a claim for breach of contract because the Lease requires notice and an opportunity to cure. Plaintiff claims that notice of default was never provided and that it has cured the permitting deficiency. Plaintiff also argues that default cannot be based on "undefined past harm" and nothing in the lease requires Defendant to remediate environmental harm.

The Court has reviewed the Complaint and finds Plaintiff has adequately pleaded facts to state a claim for breach of contract. Defendant's assertion that it did not receive notice and an opportunity to cure the alleged breach would require determinations of fact not appropriate at this

6

stage. Defendant's motion to dismiss for failure to state a claim upon which relief can be granted is denied.

## E. *Colorado River* Abstention

Defendant next argues that the Court should abstain from exercising jurisdiction because of the parallel state court litigation based on the principles articulated by the Supreme Court in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). (Doc. No. 19 at 11).

In *Colorado River*, the Supreme Court recognized that "considerations of judicial economy and federal-state comity may justify abstention in situations involving the contemporaneous exercise of jurisdiction by state and federal courts." *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998) (citing *Colorado River*, 424 U.S. at 817). Abstention in deference to a parallel state proceeding is at the discretion of the district court. *Id*. at 338. In considering whether to defer to concurrent jurisdiction of a state court, the district court must first determine whether the federal and state proceedings are, in fact, parallel. *Id*. at 339. The state court proceedings need not be identical, merely "substantially similar." *Romine v. Compuserve Corp.*, 160 F.3d 337, 340 (6th Cir. 1998). There is also no requirement that the parties in the state court proceedings be identical to those in the federal case. *Heitmanis v. Austin*, 899 F.2d 521, 528 (6th Cir. 1990). To assess substantial similarity, we consider the parties involved, the underlying factual allegations, the claims asserted, and the requested relief. *Novak v. Federspiel*, No. 21-1722, 2022 WL 3046973, at * 2 (6th Cir. Aug. 2, 2022) (citing *RSM Richter, Inc. v. Behr Am., Inc.*, 729 F.3d 553, 557 (6th Cir. 2013)). If "the parties are substantially similar," and "the claims raised in both suits are predicated on the same allegations as to the same material facts," the actions "will come close enough to count

7

as parallel." *Preferred Care of Del., Inc. v. VanArsdale*, 676 F. App'x 388, 393 (6th Cir. 2017) (quoting *Romine*, 160 F.3d at 340).

If the proceedings are parallel, the Court proceeds to consider a non-exhaustive list of "important factors," including the "danger of piecemeal litigation" – which was the paramount consideration in *Colorado River*. *Id*. at 340-341. The Supreme Court has identified eight factors a district court must consider when deciding whether to abstain from exercising its jurisdiction due to the concurrent jurisdiction of a state court:

> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation;...(4) the order in which jurisdiction was obtained[;]...(5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction.

*Romine*, 160 F.3d at 340–41 (collecting cases and factors). When considering these factors, the Court "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 207 (6th Cir. 2001) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp*., 460 U.S. 1, 16 (1983)).

The Court first must consider whether the state and federal cases are parallel. Here, the cases involve the exact same parties (RDC and MBI), and the exact same three causes of action based on the same Lease Agreement, concerning the same Property, and seeking substantially the same relief. Notwithstanding the additional factual allegations and theories of breach in the federal case, the cases are substantially similar such that they are parallel for abstention purposes.

Plaintiff's contention that the cases are "not at all parallel" because they involve "fundamentally different misconduct and breaches of the Lease … as well as distinct remedies" is drastically misplaced. True, in the federal action Plaintiff alleges additional grounds for the breach

of contract claim, but to argue that the cases are "fundamentally different" strains credulity.[3] Plaintiff even concedes that the "storage of unidentified liquids" alleged in the state complaint is "tangentially related" to the breach alleged in this case (presumably the "significant amounts of contaminated sludge [alleged to be] pooled on the ground" or the failure to comply with environmental regulations related to storage of hazardous materials (*see* Complaint ¶¶ 42, 46, 61)). In fact, the Court finds no reason that these additional breach allegations should not or could not be raised in the earlier filed state action between the same parties, asserting breach of the same Lease, concerning the same property. The differentiation in theories of breach does not justify two lawsuits.

Having determined that the state and federal cases are parallel, the Court turns to the factors set forth in *Colorado River* and finds these factors warrant abstention. The Circuit Court for Davidson County, Tennessee, has assumed jurisdiction over the property. The federal forum is neither more or less convenient to the parties. Plaintiff asserts only state law claims. Piecemeal litigation is certain to result if the parties litigate the same causes of action in different fora. The state court action, which predates this case by approximately six months, is significantly further along. The pleadings in the state court case have closed and the state court judge has denied Plaintiff's motion in that case for immediate possession and ruled on discovery-related motions. The trial in the state case is set for May 18, 2026, while the trial in this case is not scheduled until

---

[3] Plaintiff's counsel seems to believe that if they characterize Defendant's arguments with enough negative and pejorative adjectives, the Court will ignore its duty to apply the law and conclude that Defendant's counsel – who is an experienced attorney from a reputable firm, as Plaintiff's local counsel must know – is being disingenuous with the Court. This is not the first time that the undersigned has observed that this tone and method of briefing by Plaintiff's local counsel is neither helpful nor respectful of opposing counsel. Local counsel should not only remind their firm colleagues of this issue, but, as good local counsel should do, filter any such rhetoric that may be the product of enthusiastic lead counsel who is perhaps accustomed to a different tone in other jurisdictions. While the Court endeavors to faithfully apply the law to the facts of each case, this approach to advocacy did Plaintiff no favors here.

almost a year later, in March 2027 (a date the parties have jointly moved to continue). (*See* Motion, Doc. No. 36). Finally, the state court action may adequately protect Plaintiff's rights as the same claims are asserted in both cases.

Having considered the relevant factors, the Court finds a stay of this proceeding is appropriate. As stated above, different theories of breach do not justify two lawsuits. "Considerations of judicial economy and federal-state comity" amply justify abstention.

## IV.     CONCLUSION

For the reasons stated, the Defendant's Motion to Dismiss (Doc. No. 19) is **GRANTED IN PART and DENIED IN PART**. The Motion is **DENIED** as to the motion to dismiss for lack of subject matter jurisdiction, **DENIED** as to the motion to dismiss for failure to state a claim, and **GRANTED** as to the motion to abstain in deference to the earlier filed state court litigation.

Accordingly, this case is hereby **STAYED** and **ADMINISTRATIVELY CLOSED** pending the outcome of the state court litigation. *Bates v. Van Buren Township*, 122 F. App'x 803, 809 (6th Cir. 2004) (observing that when Colorado River abstention is appropriate, "a stay is the best way to effectuate" it). The parties shall notify the Court within 14 days of the resolution of the state case. If the state matter has not resolved by August 1, 2026, the parties shall file a status update.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE